UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CARRIE ANN SEDOR,**

      **Plaintiff,**

  v.

**STATE FARM FIRE AND CASUALTY COMPANY,**

      **Defendant.**

Case No. 2:24-cv-3714
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## ORDER

This matter is before the Court on Defendant State Farm Fire and Casualty Company's Motion *in Limine* to Strike Plaintiff's Lost Business Income Claim. (ECF No. 41.) Plaintiff Carrie Ann Sedor responded (ECF No. 46) and Defendant replied (ECF No. 49). For the reasons below, the Court **GRANTS** Defendant's Motion *in Limine* to Strike Plaintiff's Lost Business Income Claim. (ECF No. 41.)

## ANALYSIS

Motions *in limine* allow the Court to rule on the admissibility of evidence before trial to expedite proceedings and provide the parties with notice of the evidence on which they may not rely to prove their case. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at *1 (S.D. Ohio Oct. 7, 2011) (Marbley, J.). Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*, but the United States Supreme Court explained that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Evidentiary

rulings are made subject to the district court's sound discretion.  *Frye v. CSX Transp., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019).

Defendant moved this Court for an Order *in limine* "striking any and all claims Plaintiff Carrie Ann Sedor may have for lost business income, along with excluding all evidence, trial testimony or reference to Plaintiff's lost business income claim."  (ECF No. 41, PageID 1273.)  Defendant argues that Plaintiff "failed to itemize, specify, quantify or provide any information about her claimed lost business income damages" and, since discovery has closed, she "should be barred from recovering any claimed lost business income damages and any proof of such damages should be excluded at trial."  (*Id.*)

In response, Plaintiff states that she "does not intend to pursue lost business income as an item of damages at the trial of this matter." (ECF No. 46, PageID 1318.)  Plaintiff did not otherwise oppose Defendant's motion *in limine*.  Therefore, Defendant's uncontested motion *in limine* is **GRANTED**.  Plaintiff is precluded from presenting any claim for lost business income at the trial of this matter, as well as any evidence about or reference to a lost business income claim.

## CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendant State Farm Fire and Casualty Company's Motion *in Limine* to Strike Plaintiff's Lost Business Income Claim.  (ECF No. 41.)  This case remains open.

**IT IS SO ORDERED.**

**10/22/2025**             s/Edmund A. Sargus, Jr.
**DATE**                   **EDMUND A. SARGUS, JR.**
                           **UNITED STATES DISTRICT JUDGE**

2